UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO: CR614-18 |
| | ) | |
| v. | ) | VIO: 18 U.S.C. §922(g)(1) |
| | ) | Possession of Firearm by a |
| ROBERT BEECHER, | ) | Convicted Felon |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S MOTION FOR JUDICIAL INQUIRY AND PROTECTIVE ORDER

COMES NOW the United States of America by and through the United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and files the government's Motion for Judicial Inquiry and Protective Order and in support thereof, states as follows:

The defendant, Robert Beecher, was indicted by a federal grand jury in June 2014, on the charge of felon in possession of firearms. He was arraigned on June 19, 2014, where he entered a plea of not guilty. At the arraignment, the government provided its discovery file to the defendant. After arraignment, Beecher remained in custody based upon the previous order of detention by this Court.

The discovery file provided to the defendant includes sensitive information gathered during the investigation of the defendant. The discovery file also contains information with regard to others linked to the defendant, but not charged with any

offense.  On July 7, 2014, the FBI case agent discovered that one page of his report associated with this case had been posted on the defendant's social media website "Facebook page."  The agent also observed one of the pages from the affidavit of a federal search warrant application also posted to the same site.

When government counsel first learned of this, defense counsel was contacted.  Defense counsel immediately attempted to resolve this matter and in fact, informed the undersigned that very evening that the issue had been "handled."  However, the next day defense counsel was again contacted and notified that the discovery pages were still posted.  Again, defense counsel attempted to intervene, but with no success.  Indeed, as of the afternoon of the filing of this motion, the two discovery pages remain posted on the social website.

Local Rule LCrR 16.1 provides that, "Defense counsel is prohibited from disseminating this information beyond that necessary to the preparation of his client's defense."

Furthermore, the Local Rules go on to specify:

> It is the duty of the lawyer or law firm not to release or authorize
> the release of information or opinion which a reasonable person
> would expect to be disseminated by any means of public commun-
> ication, in connection with pending or imminent criminal litigation
> with which a lawyer or law firm is associated, if there is a reasonable
> likelihood that such dissemination will interfere with a fair trial or
> otherwise prejudice the due administration of justice. **LCrR 53.1(a)**

Courts are traditionally protective of the discovery process. "Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private." United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986).[1]

As a general proposition, courts have repeatedly recognized that materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might "adversely affect law enforcement interests." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Circuit 1995); see also Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Circuit 2006) (noting that the "danger of impairing law enforcement" may be a countervailing factor outweighing the qualified right of access); United States v. Park, 619 F.Supp.2d 89, 94 (S.D.N.Y.2009) (holding that the need to "maintain the secrecy of the Government's investigation" outweighed the public's right of access to sentencing documents).

Because the dissemination of sensitive discovery information has already occurred, the government respectfully requests that the Court conduct an inquiry into the dissemination of discovery and take any action it deems appropriate.

---

[1] This case dealt with members of the Press seeking access to documents filed under seal.

Furthermore, Rule 16(d)(1) contains a provision governing protective orders related to the production of pretrial discovery. ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.") Because the language of Rule 16(d)(1) "is ... permissive," the district court may "limit or otherwise regulate discovery had pursuant to the Rule." United States v. Delia, 944 F.2d 1010, 1018 (2d Cir.1991).

As the district court in United States v. Cox, 985 F.Supp.2d 506, 520, 521(S.D.N.Y. 2013) held, "In the end, there is no presumptive right of access to the discovery materials provided in this Case….Indeed, the Supreme Court has held that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165 (1969).

"Where ... a defendant seeks unlimited access to discovery that is subject to a protective order, the federal rules provide the framework to adjudicate the disclosure and dissemination issue." United States v. Bulger, 283 F.R.D. 46, 51 (D.Mass.2012).

Wherefore, the government respectfully moves this Court to enter a

protective order prohibiting further dissemination of discovery by counsel or the defendant.

                                      Respectfully Submitted,

                                      EDWARD J. TARVER
                                      UNITED STATES ATTORNEY

                                      **s/ Carlton R. Bourne, Jr**.

                                      Carlton R. Bourne, Jr.
                                      Assistant United States Attorney

22 Barnard Street
Savannah, GA 31412

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This _11th day of July, 2014.

                                        EDWARD J. TARVER
                                        UNITED STATES ATTORNEY

                                        ***/s/ Carlton R. Bourne, Jr.***

                                        Carlton R. Bourne, Jr.
                                        Assistant United States Attorney
                                        South Carolina Bar No. 007868

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422