U.S. DISTRICT [COURT]
[S]....

2015 APR -2 A 10:52

CLERK W. Swarp
SO. DIST. OF GA.

|  |  |
|---|---|
| Minimum Mandatory | YES |
| Rule 35/5K1.1 | YES |
| Appeal Waiver | YES |
| Other | YES* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
|  | ) | INDICTMENT NO. CR 614-018 |
| v. | ) | |
|  | ) | |
| ROBERT BEECHER | ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**
   Joshua S. Lowther, Esq.

**COUNTS / STATUTES CHARGED**

Counts 1 and 2/ 18 U.S.C. § 922(g)    Felon in Possession of a Firearm

**COUNT/ STATUTE PLEADING TO:**

Count 2/ 18 U.S.C. § 922(g)    Felon in Possession of a Firearm

**PENALTY:**
Count 2/ 18 U.S.C. § 922(g)    (With 3 Qualifying Convictions)
   Not Less than 15 years or more than life imprisonment;
   A Fine of not more than $250,000; or both
   Not more than 5 years supervised release;
   $100 special assessment (18 U.S.C. § 3013).

**ELEMENTS**

Count 2 - 18 U.S.C. § 922(g)   Felon in Possession of a Firearm

   FIRST:   That the defendant knowingly possessed firearms in or affecting commerce, as charged; and

* Plea agreement contains a FOIA and Privacy Act waiver.

SECOND:   That before the defendant possessed firearms, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

**SUMMARY OF GOVERNMENT'S PROMISES**:

- Dismiss the remaining count of the Indictment as to this defendant;

- Not object to a recommendation from the probation officer that the defendant receive a 3 level reduction for acceptance of responsibility, based upon the timeliness of his plea, all provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter; and

- To consider whether the Defendant's cooperation with the Government qualifies as "substantial assistance" and warrants the filing of a motion for downward departure below any applicable guideline range or mandatory minimum sentence or a motion to reduce sentence.

**SUMMARY OF DEFENDANT'S PROMISES**:

- Plead guilty to Count 2 of the Indictment;

- Acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;

- Pay on the date of sentencing any assessments imposed by the Court;

- If the defendant cooperates, he agrees to provide full, complete, and candid cooperation with federal, state, and local authorities, and testify truthfully when called upon;

- Defendant waives his right to appeal on any ground, with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) if the government appeals; and

- Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | INDICTMENT NO. CR 614-018 |
| v. ) | |
| ) | |
| ROBERT BEECHER ) | |

## PLEA AGREEMENT

Defendant Robert Beecher, represented by his counsel Joshua S. Lowther, and the United States of America, represented by Assistant United States Attorney Carlton R. Bourne, Jr., have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count Two of the Indictment, which charges a violation of 18 U.S.C. § 922(g)(1).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count Two are: (1) that the defendant knowingly possessed firearms in or affecting commerce; and (2) that, before possessing the firearm, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year.

The defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy the offense's required elements: On or about May 7, 2014, in Tattnall County, within the Southern District of Georgia, the defendant, who before that time had been convicted of a felony offense, an offense punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess in and affecting commerce, firearms, that is, one

3

Marlin 30-30 rifle, Model 336, serial number 231106294, one Remington .22 caliber rifle, Model 597, serial number A2666353, and one Hi-Point .45 caliber pistol, Model JHP, serial number 460571, which all had previously been transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

3.  Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible penalties: Count Two: not less than 15 years imprisonment or more than life imprisonment, not more than 5 years' supervised release, a $250,000 fine, and such restitution as may be ordered by the Court. The Court additionally is obliged to impose a $100 special assessment.

4.  No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to

impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

   a. Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

   b. Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7. Restitution

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant,

notwithstanding the abatement of any underlying criminal conviction.

8. Cooperation

 a. Complete and Truthful Cooperation Required

Defendant, if he cooperates, must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

 b. Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9. Dismissal of Other Counts

At sentencing, the government will move to dismiss the remaining Count of the Indictment.

10. <u>Waivers</u>

    a.   <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.   <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

    c.   <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

11. <u>Required Financial Disclosure</u>

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the

contents of the reports with the Court and U.S. Probation.

12. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

14. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this

paragraph.

15. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

|  |  |
|---|---|
|  | EDWARD J. TARVER<br>UNITED STATES ATTORNEY |
| _____<br>Date | _____<br>Karl I. Knoche<br>Deputy Chief, Criminal Division |
| 9/2/14<br>Date | _____<br>Carlton R. Bourne, Jr.<br>Assistant United States Attorney |

9

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

8-29-2014
Date

Robert Beecher
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

8-29-2014
Date

Joshua S. Lowther
Defense Counsel

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | INDICTMENT NO. CR 614-018 |
| v. | ) | |
| | ) | |
| ROBERT BEECHER | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 2 day of April 2015.

HONORABLE LISA GODBEY WOOD
SENIOR JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA